IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOB McCLANAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-382-M |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant Attorney General Ashcroft's Motion to Dismiss. Plaintiff has filed his response, and the matter is now ripe for adjudication.

In his Complaint, plaintiff asserts two claims: (1) a breach of a statutory duty and medical negligence claim, and (2) an Eighth Amendment cruel and unusual punishment and a Fourteenth Amendment deprivation of life, liberty, and property claim. Defendant Attorney General Ashcroft moves this Court to dismiss both of these claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original). Further, a court must construe a pro se complaint liberally and "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (internal quotations omitted).

Defendant Attorney General Ashcroft contends plaintiff's claims should be dismissed based upon his lack of personal involvement. Plaintiff asserts that defendant Attorney General Ashcroft should not be dismissed because he directed, encouraged, and instructed, through delegated assignment of duties and as overseer by statute, the conduct of every other defendant involved in this action.

"[T]he doctrine of respondeat superior cannot be applied to hold liable under section 1983 an officer who has no affirmative link with the constitutional violation." *Kaiser v. Lief*, 874 F.2d 732, 736 (10th Cir. 1989). Further, a supervisory official "is not liable in any capacity unless an 'affirmative link' exists between the constitutional violation and either [the official's] personal participation, his exercise of control or direction, or his failure to supervise." *McKay v. Hammock*, 730 F.2d 1367, 1374 (10th Cir. 1984).

Having carefully reviewed plaintiff's Complaint, and construing the Complaint liberally and accepting the allegations of the Complaint as true and construing those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to plaintiff, the Court finds that plaintiff has not sufficiently alleged the requisite affirmative link between the alleged constitutional violations and defendant Attorney General Ashcroft's personal participation, his exercise of control or direction, or his failure to supervise. The only basis for defendant Attorney

General Ashcroft's alleged liability set forth in the Complaint is defendant Attorney General Ashcroft's general statutory duty to oversee the Federal Bureau of Prisons and its employees, agents, and servants. Plaintiff sets forth absolutely no allegations of personal participation by defendant Attorney General Ashcroft in the conduct at issue in this case and no allegations that defendant Attorney General Ashcroft exercised any direct control or supervision over the individuals who engaged in the conduct at issue in this case. Accordingly, the Court finds that plaintiff has failed to state a claim against defendant Attorney General Ashcroft.

The Court, therefore, GRANTS defendant Attorney General Ashcroft's Motion to Dismiss [docket no. 74] and DISMISSES all of plaintiff's claims against defendant Attorney General Ashcroft.

**IT IS SO ORDERED this 8th day of August, 2008.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE