**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BOB McCLANAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-382-M |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is defendant Mier's Supplemental Motion for Summary Judgment. Plaintiff has filed his response. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff, a federal prisoner, has brought this action seeking damages and declaratory relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of his Eighth and Fourteenth Amendment rights. Plaintiff's claims relate to improper medical care he allegedly received – failure to supply blood pressure medication resulting in a condition requiring a pacemaker – while temporarily confined at the Federal Transfer Center ("FTC") in Oklahoma City beginning in April, 2003.

Specifically, plaintiff alleges that at the time he arrived at the FTC, he had been under long-term medication therapy for hypertension and intermittent atrial flutter. Plaintiff alleges that he was given only a limited supply of his medications at the FTC and was unable to obtain a timely refill. Plaintiff further alleges that the lack of medication resulted in uncontrollably high blood pressure requiring emergency surgery and the implantation of a permanent pacemaker.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

The deliberate indifference by a prison official to the serious medical needs of an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This deliberate indifference standard has two components: (1) an objective component in which the plaintiff's pain or deprivation must be shown to be sufficiently serious, and (2) a subjective component in which it must be shown that the offending official acted with a sufficiently culpable state of mind. *See Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993).

As to the objective component, the Tenth Circuit has stated that a condition is sufficiently serious where the condition is one diagnosed by a physician as mandating treatment or that it so obvious even a lay person would easily recognize the necessity for a doctor's attention. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). As to the subjective component, a plaintiff must establish that a defendant knew of a substantial risk of harm and failed to take reasonable measures to abate it. *See Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A prisoner "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to both the objective and subjective components of the deliberate indifference standard. Specifically, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to whether the harm suffered by plaintiff is sufficiently serious. Plaintiff has submitted evidence that he suffered from medical conditions that require daily medication and that after not receiving the prescribed medications in the manner scheduled, he suffered from uncontrollable blood pressure, from atrial flutter, from chest pain, and from the surgical implantation of a permanent pacemaker. Further, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to whether defendant Mier was deliberately indifferent to plaintiff's serious medical needs. The Court finds that the additional evidence defendant Mier submitted in support of his supplemental motion for summary judgment does not alter these

findings. Specifically, the Court finds that the pharmacy dispensing records only show when the refill of plaintiff's blood pressure medication was filled; they do not show when plaintiff turned his bottle in to be refilled or when the medication was in fact dispensed to plaintiff.

IV.     Conclusion

Accordingly, the Court DENIES defendant Mier's Supplemental Motion for Summary Judgment [docket no. 89].

**IT IS SO ORDERED this 14th day of August, 2008.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE