IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOB McCLANAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-382-M |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Dismiss Based on the Court's October 2, 2008, Order, filed December 19, 2008. On August 24, 2009, plaintiff filed a "Motion to Hold CIV-05-382-M in Abeyance Pending Ongoing Settlement Conferences," which plaintiff requests the Court to construe as his response to defendants' motion to dismiss. Based upon the parties' submissions, the Court makes its determination.

Initially, having carefully reviewed plaintiff's motion to hold case in abeyance, the Court finds no good reason to hold the instant action in abeyance. Accordingly, the Court finds that plaintiff's motion to hold case in abeyance should be denied.

In his Complaint, plaintiff asserts two claims: (1) a breach of a statutory duty and medical negligence claim against defendant United States of America ("Negligence claim"), and (2) an Eighth Amendment cruel and unusual punishment and a Fourteenth Amendment deprivation of life, liberty, and property claim against defendant Carlos Mier ("*Bivens*[1] claim"). On October 2, 2008,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) recognized a private right of action in favor of victims of constitutional violations committed by federal agents in the performance of their official duties.

the Court granted defendants' Daubert Motion to Exclude Expert Testimony and to Strike Other Witness Testimony and struck all of plaintiff's witnesses.

Under Oklahoma law, the elements necessary to establish a prima facie case of medical negligence are "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care." *McKellips v. Saint Francis Hosp., Inc.*, 741 P.2d 467, 470 (Okla. 1987). Further, under Oklahoma law, a plaintiff generally must provide expert medical testimony to support a prima facie case of medical negligence:

> It is well settled that in all but the extraordinary medical malpractice case, the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence. If the origin of the injury is subjective or obscure and not readily apparent to a layman, or if there are several equally probable causes of the condition, testimony of a qualified physician is essential to establish a reasonable probability the physician's negligence caused the injury.

*Roberson v. Jeffrey M. Waltner, M.D., Inc.*, 108 P.3d 567, 569 (Okla. Civ. App. 2005).

Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that plaintiff's allegations of medical malpractice involve complex medical issues that are not apparent to the layman. Accordingly, because plaintiff has no expert witness who can testify as to medical negligence and/or causation, the Court finds that plaintiff is unable to prove the elements necessary to establish a prima facie case of medical negligence and, therefore, defendant United States of America is entitled to judgment as to plaintiff's Negligence claim. Additionally, because the Court has found that defendant United States of America is entitled to judgment as to the Negligence claim, the Court finds that plaintiff's *Bivens* claim against defendant Carlos Mier is

barred. *See Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (holding that judgment against United States under Federal Tort Claims Act constitutes bar to *Bivens* action).

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Hold CIV-05-382-M in Abeyance Pending Ongoing Settlement Conferences [docket no. 135] and GRANTS defendants' Motion to Dismiss Based on the Court's October 2, 2008, Order [docket no. 132].

**IT IS SO ORDERED this 1st day of September, 2009.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE